Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3495 | **DATE** | May 29, 2013 |
| **CASE TITLE** | Stevie Jackson (#2012-1004161) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The Court authorizes and orders the trust fund officer at Plaintiff Jackson's place of incarceration to continue making deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff is directed to show cause within 30 days why this case should not be dismissed as duplicative of the claims raised in *Jackson v. Dart*, Case No. 13 C 1124 (N.D. Ill.) (Pallmeyer, J.). The motion for attorney representation [#3] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Stevie Jackson, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants confiscated his cane and special shoes, even though he had medical permission to have and use them. Plaintiff names as Defendants Cook County Sheriff Tom Dart; Cook County Jail Executive Director Gary Hickerson; Superintendent Reyes; Sergeant Lewis; and Correctional Officers Spann, Martinez, Majoch, Appleberry, and Lacey. Specifically, Plaintiff has alleged that on February 7, 2013, Defendant Spann questioned Plaintiff about his cane and prescription shoes, and ultimately Defendants Lewis, Martinez, Majoch, Appleberry, and Lacey were called to assist in removing Plaintiff's shoes and confiscating his cane. During the incident, Plaintiff was knocked to the floor, requiring a trip to the medical unit for treatment of his resulting injuries. Plaintiff alleges the shoes were never returned to him and he went four days without any shoes at all.

     All of these claims relate to alleged denial of the use of a prescribed cane and shoes. On February 11, 2013, Plaintiff submitted a complaint in *Jackson v. Dart*, Case No. 13 C 1124 (N.D. Ill.) (Pallmeyer, J.), in which he alleges, against largely the same list of Defendants (Dart, Hickerson, Reyes, as well as two other Defendants not named in this suit), that he was denied the use of a cane. While not identical, the claims are certainly related to the claims raised in this suit.

     Plaintiff is an experienced litigator, having filed no fewer than eight federal complaints since November 2012 (*see Jackson v. Dart, et al.*, Case No. 12 C 9308 (N.D. Ill.) (Pallmeyer, J.); *Jackson v. Dart, et al.*, Case No. 13 C 1121 (N.D. Ill.) (Pallmeyer, J.); *Jackson v. Dart, et al.*, Case No. 13 C 1123 (N.D. Ill.) (Pallmeyer, J.); *Jackson v. Dart*, Case No. 13 C 1124 (N.D. Ill.) (Pallmeyer, J.); *Jackson v. Dart, et al.*, Case No. 13 C 2260 (N.D.Ill.) (Pallmeyer, J.); *Jackson v. Dart, et al.*, Case No. 13 C 2609 (N.D. Ill.) (Pallmeyer, J.); *Jackson v. City of Chicago, et al.*, Case No. 13 C 3083 (N.D. Ill.) (Gettleman, J.); as well as this case). The court takes notice that he filed sixteen additional cases since August of 2007, in which he sought leave to proceed *in forma pauperis*, that are no longer pending on the court's docket.

     Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or

| STATEMENT |
|---|
| seeks monetary relief against a defendant who is immune from such relief. In determining whether this litigation is frivolous, the court notes a concern that the claims in this complaint are substantially similar to those presented in *Jackson v. Dart*, Case No. 13 C 1124 (N.D. Ill.) (Pallmeyer, J.). Though there may be a basis for a separate action, it is not apparent from the pleadings. Plaintiff is directed to show cause in writing within 30 days why this case should not be dismissed as duplicative of his earlier-filed litigation.<br><br>   Plaintiff's motion for leave to proceed *in forma pauperis* is granted, and an initial partial filing fee of $12.01 is assessed pursuant to 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account, and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility. |